122 N.J. Super. 458 (1973)
300 A.2d 857
STEPHEN SUSSNA ASSOCIATES, PLAINTIFF-RESPONDENT,
v.
RANDOLPH TOWNSHIP IN MORRIS COUNTY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 22, 1973.
Decided February 27, 1973.
Before Judges CARTON, MINTZ and HORN.
*459 Messrs. Villoresi and Flanagan, attorneys for appellant (Mr. David J. Marshall on the brief).
Mr. Victor Walcoff, attorney for respondent.
The opinion of the court was delivered by HORN, J.S.C., Temporarily Assigned.
Defendant appeals from the determination of an amount allowed to it for attorney's fee pursuant to R. 4:58-3, which reads as follows:
If the offer of a party other than the claimant is not accepted and the determination is at least as favorable to the offeror as his offer, he shall be allowed, in addition to costs of suit, a reasonable attorney's fee, not exceeding $750.00, which shall belong to the client and constitute a prior charge upon the judgment. In an action for negligence or other unliquidated damages, however, no attorney's fee shall be allowed to such offeror unless the amount awarded to the claimant is in excess of $750.00 and is less than 80 per cent of the offer.
Plaintiff filed a contract action for damages against defendant. On September 21, 1971 defendant submitted to plaintiff an offer to allow judgment for $3,500 pursuant to R. 4:58. Trial was held on November 22, 23 and 24, 1971, without a jury and resulted in a verdict in favor of plaintiff for $3,150.
Defendant requested attorney's fees be awarded to it pursuant to R. 4:58-3 since the final determination was lower than the original offer made by defendant. Pursuant to the court's direction, defendant's counsel filed an affidavit listing the services rendered by his firm in behalf of defendant both before and after the offer of judgment was made.
After the date of the offer which was not accepted by plaintiff, the case was prepared for trial and a little over two days were spent in presenting the case before a judge without a jury. The affidavit of defendant does not show precisely how much time was spent in preparation for the hearing.
The issue raised is whether R. 4:58-3 restricts attorneys fees for only those services performed after the offer to allow *460 judgment is made or whether allowance may be made for services rendered before as well as after the offer was made.
In order to determine whether the rule contemplated an allowance for services before the offer as well as after, we must consider the purpose of the rule.
There would not seem to be any sound basis in interpreting the rule to permit recovery for attorney's services rendered before the offer of settlement. Since the purpose of the rule is to encourage disposition of cases by settlement, it is consistent with that purpose that the offer of settlement be made as early in he litigation as possible in the circumstances of each particular case.
If recovery can be had under the rule for services rendered before the offer of settlement, it is no stimulus to a party to endeavor to settle until a time just preceding the 20 days before the first scheduled trial date or daily weekly call. R. 4:58-1.
Accordingly, we construe this rule to permit the recovery only for those services rendered after the offer.
The affidavit filed by counsel for defendant is not disputed. We find that for the services rendered at the trial, including reasonable preparation, an appropriate fee is $550.
Pursuant to R. 2:10-5 authorizing this court to exercise such original jurisdiction as is necessary to the complete determination of any matter on review, judgment entered below is hereby increased from $350 to $550.
Affirmed as modified.